David Kaup 62547112
Federal Correctional Institute 2
Post Office Box 3850
Adelanto, California 92301

FILED
CLERK, U.S. DISTRICT COURT

JUL 22 2015

CENTRAL DISTRICT OF CA
BY

UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA

DAVID KAUP,
              Plaintiff,

v.

Thomas A. Stockton - CEO,
**Credit Management L.P.,**
              Defendant.

CV 15 No. 05557-ODW(MRWx)

**COMPLAINT**

## A.                    JURISDICTION

1.    This is an action that alleges that this court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:

a.    The plaintiff is an individual residing in and a citizen of the State of California;

b.    The defendant is a corporation organized and existing under the laws of the State of Texas with its principle place of business in Carrollton, Texas.

c.    There is a complete diversity of citizenship between the plaintiff and the defendant.

## B.                    DEFINITIONS

2.    The plaintiff, David Kaup is a "consumer" as defined by 15 U.S.C. § 1692a(3), as "any natural person obligated or allegedly obligated to pay any debt".

3.    The defendant, Credit Management L.P. is a "debt collector"

Page 1 of 9

as defined by 15 U.S.C. § 1692a(6), as "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, any debts owed or due or asserted to be owed or due to another."

C.                          STATEMENT OF THE CASE

4.      On May 2, 2015, plaintiff obtained a copy of his credit report Equifax Information Services, Experian Information Solution, and Trans Union Corporation through intermediary wwww.freecreditreport.com which revealed that Credit Management L.P. ("defendant") had placed an entry on the plaintiffs credit report communicating  that the plaintiff allegedly had an account in default with the defendant in the amount of $1,969.00. See Exhibit A

5.      The defendant took receipt of the plaintiffs "Notice of Administrative Remedy", which was signed and executed May 06, 2015. In that document the plaintiff requested that the defendant validate the alleged debt pursuant to the Fair Debt Collection Practices Act or also known as "FDCPA", 15 U.S.C. § 1692g(a) and § 1692g(b) through regular mail. See Exhibit B

6.      On May 25, 2015, The plaintiff mailed to the three major credit reporting agencies, Equifax Information Services, Experian Information Solution, and Trans Union Corporation disputing that the debt owed to Credit Management L.P. in the amount of $1,969.00 was unknown, inaccurate and incomplete. In that letter, another request for verification and proof of debt was requested. The plaintiff asked to permanantly remove the disputed information from his personal credit profile if the investigation proved inaccurate. See Exhibit C

7.     On May 25, 2015, A letter from Credit Management L.P.
stated, "Our office has reviewed the above-referenced account and we
have made the decision to discontinue our collection efforts." The
original creditor "Charter Communications" expressed this transaction
as a "Write-Off". See Exhibit D.

8.     Black's Law Dictionary Deluxe Ninth Edition defines" Write-
Off" as, " To transfer the entire balance (of an asset account) to an
expense or loss account to reflect the asset's total loss of value."

9.     Regardless of the defendant agreeing to discontinue collections
from the plaintiff, The defendant"knowingly"tried to collect on a debt
that the original creditor "Charter Communications" already reflected on
its books as a total loss of value in the balance sheet.

10.     Black's Law Dictionary Deluxe Ninth Edition defines
"knowingly" as, " Knowledge that one is acting in violation of some law
or regulation; knowledge that the act is done is illegal.

D.                          CLAIM ONE

11.     The plaintiff asserts that the defendant violated section
15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act when
the defendant reported to Equifax Information Services, Experian
Information Solutions, and Trans Union Corporation that the plaintiff is
in default with the defendant for the amount of $1,969.00 through
assignment from the original creditor "Charter Communications".
See Exhibit A.

12.     Tourgeman V. Collins Fin. Servs 755 F.3d 1119 states the"false
representation of the character, amount, or legal status of any debt"
is prohibited by the ("FDCPA"). The defendant intended to manipulate the
plaintiff by falsely representing  the alleged debt even though it was

1  reported by the original creditor Charter Communications as a Write-Off.

2      13.    The plaintiff hereby seeks statutory damages in the amount

3  of $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(2)(A

4  made by the defendant.

5  E.                         **CLAIM TWO**

6      14.    The plaintiff asserts that thedefendant violated section

7  15 U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when the

8  defendant communicated false information concerning the alleged debts

9  which the plaintiff never owed to the defendant, nor had the alleged

10  debts been assigned to the defendant. The defendant communicated to

11  Equifax Information Services, Experian Information Solutions, and Tran

12  Union Corporation false information, stating that Credit Management L.P,

13  had been assigned the task to collect said debt from the plaintiff, and

14  the plaintiff was in default to the defendant when clearly the debt had

15  been written off by the original creditor Charter Communications.

16  See Exhibit A

17      15.    Buerrero v. RJM Acquisitions LLC. 499 F.3d 943 (9th Cir. U.S.

18  App Lexis 20072) states " communicating or threatening to communicate to

19  any persons credit information which is known....to be false." In order

20  to sustain section 1692e(8), Credit Management L.P. never had valid

21  assignment authorizing them to pursue and report to all three credit

22  bureaus alleged debt associated with the plaintiff.

23      16.    The plaintiff hereby seeks statutory damages in the amount of

24  $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(8)

25  made by the defendant.

26  F.                       **CLAIM THREE**

27      17.    The plaintiff asserts that the defendant violated section

1  15 U.S.C. § 1692e(10) of the Fair Debt Collections Practices Act ("FDCPA")

2  when the defendant used false and deceptive means to collect debts from

3  the plaintiff in the amount of $1,969.00. The original debt had been

4  written off by the creditor Charter Communications with an outstanding

5  balance of $0.00. By communicating false information, the defendant

6  attempted to gain an advantage of an unsophisticated consumer through

7      false misrepresentation.

8      18.    Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. Lexis

9  27057 (9th Cir.2013) states, " A debt collector violates [section 1692e(10)

10  if it 'use[s].... a false representation or deceptive means to collect or

11  attempt to collect any debt or to obtain information concerning a

12  consumer' ( a debt collectors representation that a debt is owed to it

13  when in fact it is not, amounts to a misrepresentation barred by the

14  "FDCPA"."

15      19.    The plaintiff hereby seeks statutory damages in the amount of

16  $1,000.00 for each violation of 15 U.S.C. § 1692e(10) made by the

17  defendant.

18  G.                        **CLAIM FOUR**

19      20.    The plaintiff asserts that defendant violated section 15 U.S.C.

20  1692e(12) of the Fair Debt Collections Practices Act when the defendant

21  communicated the false representation that the alleged accounts were

22  turned over to Credit Management L.P. for value to Equifax Information

23  Services, Experian Information Solution, and Trans Union Corporation.

24  The defendant never received valid assignement to pursue or report to

25  the major credit reporting agencies regarding the debts associated with

26  the plaintiff.

27      21.    On May 06, 2015, The plaintiff mailed a "Debt Disclosure

1  Statement" to Credit Management L.P. to be filled out completely and
2  returned. There are several questions that are asked regarding the
3  transfer and assignement of the original debt  which the defendant
4  never answered. The Plaintiff never received any proof of valid assignment,
5  verification of transfer right of debt, the terms of the transfer right
6  of debt, nor evidence that the defendant had the right to collect on a
7  debt as a "Third Party" by the original creditor "Charter Communications".

8      22.    Fortunato v. Hopp Law Firm, LLC, 2012 U.S. Dist. LEXIS 152712
9  (9th Circuit) states, " Section 1692e(12) prohibits the false representation
10 or implication that accounts have been turned over to innocent purchasers
11 for value."

12     23.    When determining whether a misrepresentation in a debt collection
13 has been made, the court must apply the " least sophisticated debtor"
14 standard. The analysis is objective and " takes into  account whether the
15 "least sophisticated debtor" would likely be misled by a communication."
16 (quoting Donohue v. Quick Collect, Inc., 592 F.3d 1027. 1030 (9th Cir.
17 2010) The plaintiff was falsely represented by the defendant of the transfer
18 of debt by the original creditor.

19     24.    The plaintiff hereby seeks statutory damages in the amount of
20 $1,000.00  for each of the three (3) violations of 15 U.S.C.  § 1692e(12)
21 made by the defendant.

22 H.                          CLAIM FIVE

23     25.    The plaintiff asserts that the defendant violated section
24 15 U.S.C.  § 1692f(1) of the Fair Debt Collections Practices Act when the
25 defendants unconscionable means to attempt to collect alleged debts by
26 reporting to Equifax Information Services, Experian Information Solutions,
27 and Trans Union Corporation that Credit Management L.P. had obtained legal

permission documented by a valid assignment that the plaintiff was now in default with debts owed to the defendant. This was an attempt to force the plaintiff to pay monies allegedly owed to the defendant when in fact the creditor had written of the debt as $0.00.

26.    Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, " a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fees, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Minus the agreement to collect on the attempted debt, the defendat is in direct violation of this section.

27.    The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each of the three (3) violations of 15 U.S.C.  § 1692f(1) made by the defendant.

I.                           **DAMAGES**

28.    15 U.S.C. § 1692k - Civil Liability - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collectior who fails to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect to any person liable to such person in the amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00

J.                        **REQUESTED RELIEF**

CLAIM ONE: For the violation  of 15 U.S.C. § 1692e(2)(A)

Page 7 of 9

1  is $1,000.00 for the false representation of debt reported to Equifax

2  Information Services, Experian Information Solutions, and Trans Union

3  Corporation.

4  **TOTAL DAMAGES:**                    + $3,000.00

5  **CLAIM TWO:** A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00

6  for submitting false information to each of the three credit reporting

7  agencies, Equifax Information Services, Experian Information Solutions,

8  and Trans Union Corporation by the defendant.

9  **TOTAL DAMAGES:**                    + $3,000.00

10  **CLAIM THREE:** A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is

11  $1,000.00 for the false communication by the defendant to Equifax

12  Information Services, Experian Information Solutions, and Trans Union

13  Corporation.

14  **TOTAL DAMAGES:**                    + $3,000.00

15  **CLAIM FOUR:** A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is

16  $1,000.00 for the false representation by the defendant regarding the

17  plaintiffs alleged debt reported to Equifax Information Services, Experian

18  Information Solutions, and Trans Union Corporation.

19  **TOTAL DAMAGES:**                    + $3,000.00

20  **CLAIM FIVE:** A violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") is

21  $1,000.00 for the unconscionable means used by the defendant to attempt

22  to collect on a debt by the plaintiff knowing the debt had been "Written

23  Off" by the original creditor. This includes reporting to the three Major

24  Credit Reporting agencies Equifax Information Services, Experian Information

25  Solutions, and Trans Union Corporation of the unconscionable means to

26  collect.

27  **TOTAL DAMAGES:**                    + $3,000.00

29.   The total amount of damages requested by the plaintiff is $15,350.00.

30.   The $250.00 added is the court cost associated with this action.

I David Kaup, hereby declare under penalty of perjury in the state of California, that the information stated above and any attachments to this form is true and correct.

DATED: 07/10/2015                    BY _____
                                              David Kaup

Page 9 of 9

TRULINCS  62547112 - KAUP, DAVID - Unit: VVM-A-U

-----------------------------------------------------------------------------------

Potentially Negative Closed
Account Name CAPITAL ONE BANK USA N
Account # 51780572XXXX
Account Type Bank Credit Cards
Balance $0.00
Past Due $0.00
Date Opened 9/1/2007
Account Status Closed
Mo. Payment $0.00
Payment Status Paid, was past due 120 days
High Balance $517.00
Limit $300.00
Terms Revolving

CREDIT MANAGEMENT LP
8777417302
4200 INTERNATIONAL PKWY
CARROLLTON, TX 75007
Unknown
Account Name CREDIT MANAGEMENT LP
Account # 4474XXXX
Account Type Other Collection Agencies
Balance $1,969.00
Past Due $1,969.00
Date Opened 10/1/2010
Account Status
Mo. Payment $0.00
Payment Status Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection
department
High Balance$0.00
Limit $0.00
Terms 1 Month

EOS CCA
PO BOX 981025
BOSTON, MA 02298
Unknown
Account Name EOS CCA
Account # 5987XXXX
Account Type Other Collection Agencies
Balance $1,190.00
Past Due $1,190.00
Date Opened 9/1/2014
Account Status
Mo. Payment $0.00
Payment Status Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection
department
High Balance $0.00
Limit $0.00
Terms Unknown

INANCIAL CREDIT NETWO
5597337550
1300 W MAIN ST
VISALIA, CA 93291
Unknown
Account Name FINANCIAL CREDIT NETWO
Account #792XXXX
Account Type Other Collection Agencies

Exhibit B

## NOTICE

**DATE:** 05/06/2015

David Kaup
(Consumer)

**Certified Mail Number
#**

Credit Management LP
(Debt Collector)

**Alleged Account(s)**
**#** 4474XXXX
SSN# 612-03-xxxx

**SUBJECT:** Request for Validation of Debt, and Notice of Reservation of Rights for initiating a Counter Claim against the Debt Collector's official Bond.

### Consumer's Private Notice of Administrative Remedy

The private notice of administrative remedy demand is binding upon every principle agent regarding the subject matter set forth herein above.

Written communication for Validation of alleged debt(s) pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (a)(1).

It has come to my attention after reviewing a copy of my credit report dated 05/01/2015 _____ that your agency has communicated to Equifax, Transunion or Experian that I owe ($) ____$1,969.00____ to your company. Please note that I consider your demand for money a written communication from a debt collector. I now exercise my rights pursuant to 15 U.S.C. § 1692(a)(1) and request validation of the alleged debt.

I have included with this notice for proof of debt also known as a "DEBT COLLECTION DISCLOSURE STATEMENT" for the legitimate purpose of insuring that your agency's validation is executed in accordance with the laws codified in TITLE 15 U.S.C. § 1692g and must be completed in full by your agency and returned to me within thirty days (30

PAGE 1 of 5

of your agency's receipt.

### CAVEAT

1.     I am respectfully providing advance notice to your agency of the civil liabilities under **TITLE 15 U.S.C. § 1692** for failure to comply with said provisions of this title [15 USCS§§ 1692 et seq.].

2.     Upon receipt of this **NOTICE,** The debt collector must cease all collection activity regarding the alleged debt(s) until the respondent is sent the herein requested verification as required by the **FAIR DEBT COLLECTION PRACTICES ACT.**

3.     If debt collector, such as by commission, omission, and other wise:

> (a) Fails in giving respondent full disclosure regarding the nature and cause of debt collector's claim concerning the herein above referenced alleged debt.
>
> (b) Makes false representation of the character of herein above referenced alleged debt.
>
> (c) Makes false representation of the legal status of the herein above referenced alleged debt.
>
> (d) Makes any threat of action that cannot legally be taken in violation of any applicable law, such as the law at the **FAIR DEBT COLLECTION PRACTICES ACT.**

Respondent may initiate a counterclaim and claim against the debt collector's bond as well as bonds of any principle agent, and assignee of debt collector whose acts and omissions result in the respondent sustaining any tort injury.

4.     Debt Collector is also hereby given **Notice** that:

### PAGE 2 of 5

DISCLOSURE STATEMENT ATTACHED

(a) Debt Collector's unsubstantiated demand for payment. A
a scheme to be delivered by mail may constitute mail fraud
under the State and Federal Laws. (Debt Collector may wish
to consult with a competent legal council before
originating any further communication with respondent)

(b) Debt Collector's failure in providing respondent the
requisite Verification, Validating the above referenced
alleged debt within the requirements of law as coded in the
**FAIR DEBT COLLECTION PRACTICES ACT** and the corresponding
laws of each state signifies that debt collector tacitly
agrees that:

I    Debt Collector has no lawful, bona fide, verifiable claim
regarding the above referenced alleged account.

II   Debt Collector waives any and all claims against respondent.

III  Debt Collector tacitly agrees that Debt Collector will
**compensate** respondent for al cost, fees, and expenses
incurred in defending against this claim and any continued
fraudulent collection attempts regarding the above referenced
alleged account.

5.    This is also an attempt for determining the nature and basis
of a case or counterclaim against the debt collector, and any
information contained within debt collector's commission, omission,
and the like will be used for that purpose.

PAGE 3 of 5

<u>THIS IS A NOTICE OF RESERVATION OF RIGHT FOR INITIATING A</u>

<u>COUNTERCLAIM AND FILING A CLAIM AGAINST AN OFFICIAL BOND:</u>

Credit Management LP
<u>NAME OF COMPANY OR BOND HOLDER</u>


### ***CAVEAT***

7.      In the event that the debt collector does not respond to this
**"Notice"** within the prescribed time limit for reponlle and there has
likewise been no request for extension of time with good cause shown
therein, then the debt collector agrees that debt collector has
submitted a fraudulent claim against respondent, and reespondent can
file a law suit for costs, fees, and injuries incurred defending
against this fraudulent collection by debt collector regarding the
above referenced account.


PAGE 4 of 5

## VERIFICATION AND CERTIFICATION

8.      The undersigned consumer, David Kaup_____ does herein swear, declare, and affirm that this notice for validation of debt and reservation of rights that the consumer can competently state the matter set forth herein, that the contents are true, correct, and complete. This verification and certification is executed this 6th day of  May____.

_____
(Signature of Consumer)


### PROOF OF SERVICE

I declare under penalty of perjury under the State of California that I personally mailed a  "Notice for Validation of Debt" (5 Pages) and "Debt Collector's Disclosure Statement" (3 Pages) to all parties listed below at:

Credit Management LP____
4200 International Pkwy
Carrollton, TX 75007

On this 6th____ day of May-2015_____, I certify this to be true, correct, and complete.

_____
(Signature of Consumer)


**PAGE 5 of 5**

TRULINCS  62547112 - KAUP, DAVID - Unit: VVM-A-U

Exhibit C

---------------------------------------------------------------------------------------

FROM: 62547112
TO:
SUBJECT: Notice of Dispute - Credit Management LP


Name:
David Kaup

Date of Birth:
01/26/1983

SSN:
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

Mailing Address:
David Kaup - 62547112
Federal Correctional Institute 2
Po Box 3850
Adelanto, CA 92301

To Experian-Trans Unio and/or Equifax,

I obtained a copy of my consumer credit report through intermediary www.freecreditreport.com on 05/02/2015. I am sending this letter to dispute matters below which is unknown, inaccurate and incomplete. I requested verification and proof of debt from Credit Management, LP and never received a response regarding this matter. I would like to have this permanently removed from my credit report. Thank You

Account Name: Credit Management LP
Creditor Address: 4200 International Parkway, Carrollton, TX 75007
Account Status: Closed
Account# 4474XXXX
Date Opened: 10/01/2010

Exhibit D

The Offices of

# CREDIT
M A N A G E M E N T, L.P.

Credit Management, LP is a professional debt collection agency.

| Account Summary | |
| --- | --- |
| Original Creditor | CHARTER COMMUNICATIONS |
| Creditor Account # | 245100170461418 |

4200 International Parkway
Carrollton, TX  75007-1912

05/26/15

David Kaup
PO Box 3850
Adelanto, CA  92301-0709

Reference #: 044746665

Dear David Kaup,

Our office has reviewed the above-referenced account and we have made the decision to discontinue our collection efforts.

Rest assured that a deletion request will be submitted to the credit bureaus for any information regarding the account that we reported to them.

**Notice – See reverse side for important notices and consumer rights.**

Sincerely,

Credit Management, LP- Collections Department, a member of ACA International



4200 International Parkway
Carrollton, TX  75007-1912

05/26/15

David Kaup
PO Box 3850
Adelanto, CA  92301-0709

REN-W2

CMIG/W2   373143300151   2989/000001497/000000012

## DEBT COLLECTOR DISCLOSURE STATEMENT
### Re "Offer of Performance"

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

### Respondent's Private NOTICE  Administrative Remedy Demand No. _____

Notice: This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the hereinabove-requested verification of the record, i.e. *Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition* (Black's Law Dictionary, Sixth Edition, 1990), re the alleged debt, and must be completed in accordance with the *Fair Debt Collection Practices Act*, 15 USC §1692g, applicable portions of *Truth in Lending* (*Regulation Z*), 12 CFR 226, and demands as cited above in Offer of Performance. Debt Collector must make all required disclosures clearly and conspicuously in writing re the following:

1. Name of Debt Collector: ..............................................................................................................................

2. Address of Debt Collector: ...........................................................................................................................

3. Name of alleged Debtor: ...............................................................................................................................

4. Address of alleged Debtor: ...........................................................................................................................

5. Alleged Account Number: .............................................................................................................................

6. Alleged debt owed: $......................................................................................................................................

7. Date alleged debt became payable: ...............................................................................................................

8. Re this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt Collector?
...................................................................................................................................................................

9. Re this alleged account, if Debt Collector is different from alleged Original Creditor, does Debt Collector have a bona fide affidavit of assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor? YES  NO

10. Did Debt Collector purchase this alleged account from the alleged Original Creditor?  YES  NO  N/A (Not Applicable)

11. If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchase amount:

    Date: ...................................................... Amount: $.............................................................................

12. Did Debt Collector purchase this alleged account from a previous debt collector?  YES  NO  N/A

13. If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:

    Date: ...................................................... Amount: $.............................................................................

14. Regarding this alleged account, Debt Collector is currently the:

    (a) Owner; (b) Assignee; (c) Other – explain: ..........................................................................................
    .................................................................................................................................................................

15. What are the terms of the transfer of rights re this alleged account? ...........................................................
    .................................................................................................................................................................

16. If applicable, transfer of rights re this alleged account was executed by the following method:

    (a) Assignment; (b) Negotiation; (c) Novation; (d) Other – explain:..........................................................
    .................................................................................................................................................................

17. If the transfer of rights re this alleged account was by assignment, was there consideration?   YES   NO   N/A

18. What is the nature and cause of the consideration cited in # 17 above? ...........................................................................
.............................................................................................................................................................................
.............................................................................................................................................................................

19. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?
YES   NO   N/A

20. What is the nature and cause of any value cited in #19 above? ..................................................................................
.............................................................................................................................................................................

21. If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor?   YES   NO   N/A

22. What is the nature and cause of any consent cited in # 21 above?...............................................................................
.............................................................................................................................................................................

23. Has Debt Collector provided alleged Debtor with the requisite *verification* of the alleged debt as required by the *Fair Debt Collection Practices Act*?   YES   NO

24. Date said verification cited above in # 23 was provided alleged Debtor. ......................................................................

25. Was said verification cited above in # 23 in the form of a sworn or affirmed oath, affidavit, or deposition?   YES   NO

26. Verification cited above in # 23 was provided alleged Debtor in the form of:   OATH   AFFIDAVIT   DEPOSTION

27. Does Debt Collector have knowledge of any claim(s)/defense(s) re this alleged account?   YES   NO

28. What is the nature and cause of any claim(s)/defense(s) re this alleged account? ......................................................

29. Was alleged Debtor sold any products/services by Debt Collector?   YES   NO

30. What is the nature and cause of any products/services cited above in # 29? ..............................................................
.............................................................................................................................................................................

31. Does there exist a verifiable, bona fide, original commercial instrument between Debt Collector and alleged Debtor containing alleged Debtor's bona fide signature?   YES   NO

32. What is the nature and cause of any verifiable commercial instrument cited above in # 31? ......................................
.............................................................................................................................................................................

33. Does there exist verifiable evidence of an exchange of a benefit or detriment between Debt Collector and alleged Debtor?   YES   NO

34. What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in # 33?
.............................................................................................................................................................................

35. Does any evidence exist of verifiable external act(s) giving the objective semblance of agreement between Debt Collector and alleged Debtor?   YES   NO

36. What is the nature and cause of any external act(s) giving the objective semblance of agreement from #35 above?
.............................................................................................................................................................................

37. Have any charge-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

38. Have any insurance claims been made by any creditor or debt collector regarding this alleged account?   YES   NO

39. Have any tax write-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

40. Have any tax deductions been made by any creditor or debt collector regarding this alleged account?   YES   NO

41. Have any judgments been obtained by any creditor or debt collector regarding this alleged account?   YES   NO

42. At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract?   YES   NO

43. At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed legal professional before executing the alleged contract?   YES   NO

44. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit instrument?   YES   NO

Debt Collector's failure, both intentional and otherwise, in completing/answering points "1" through "44" above and returning this Debt Collector Disclosure Statement, as well as providing Respondent with the requisite *verification* validating the hereinabove-referenced alleged debt, constitutes Debt Collector's tacit agreement that Debt Collector has no verifiable, lawful, bona fide claim re the hereinabove-referenced alleged account, and that Debt Collector tacitly agrees that Debt Collector waives all claims against Respondent and indemnifies and holds Respondent harmless against any and all costs and fees heretofore and hereafter incurred and related re any and all collection attempts involving the hereinabove-referenced alleged account.

<u>Declaration:</u> The Undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Debt Collector Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief.

_____
Date

_____
Official Title of Signatory

_____
Printed name of Signatory

_____
Authorized Signature for Debt Collector

Debt Collector must timely complete and return this Debt Collector Disclosure Statement, along with all required documents referenced in said Debt Collector Disclosure Statement. Debt Collector's claim will not be considered if any portion of this Debt Collector Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite *verification*, made in accordance with law and codified in the *Fair Debt Collection Practices Act* at 15 USC §1692 et seq., and which states in relevant part: *"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt,"* which includes *"the false representation of the character, or legal status of any debt,"* and *"the threat to take any action that cannot legally be taken,"* all of which are violations of law. If Debt Collector does not respond as required by law, Debt Collector's claim will not be considered and Debt Collector may be liable for damages for any continued collection efforts, as well as any other injury sustained by Respondent. Please allow thirty (30) days for processing after Respondent's receipt of Debt Collector's response.

LEGAL MAIL

David Kaup - 62547113
Federal Correctional Institute 2
PO Box 3850
Adelanto, CA 92301

Federal Correctional Complex
C/O Mail Room
P.O. Box 5100
Adelanto, CA 92301

Date:   JUL 13  REC'D

"The enclosed letter was processed
through special mailing procedures for
forwarding to you. The letter has neither
been opened nor inspected. If the writer
raises a question or problem over which
this facility has jurisdiction, you may wish
to return the material for further information
or clarification. If the writer encloses
correspondence for forwarding to another
addressee, please return the enclosure to
the above address."

United States District Court
Office of the Clerk
U.S. Courthouse, Room 68
Los Angeles, CA 90012

JUL 17 2015
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV com